IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEI KOVALEV, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA HOLDINGS *et al.*, | : | No. 22-0552 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                   SEPTEMBER 29, 2022

Sergei Kovalev sued defendants Laboratory Corporation of America Holdings and Laboratory Corporation of America in state court, alleging that he was assaulted by their employees and discriminated against at several Philadelphia facilities while attempting to have lab work done. Shortly thereafter, the corporate defendants removed the case to this Court.

Mr. Kovalev has moved for remand. Although he samples several theories for why his suit should be sent back to state court, the Court finds that each of his arguments tests negative. Because the Court properly exercises diversity jurisdiction over this case, the motion to remand will be denied.

### BACKGROUND

On January 12, 2022, *pro se* plaintiff Sergei Kovalev, a Pennsylvania citizen, filed a 17-count complaint against Laboratory Corporation of America Holdings ("LabCorp Holdings") and Laboratory Corporation of America ("LabCorp"), both Delaware corporations, in the Court of Common Pleas of Philadelphia County, accusing them and their employees of assaulting him and discriminating against him when he attempted to have lab work done at several LabCorp locations. Mr. Kovalev sought relief including "all damages and losses . . . related to Defendants' conduct

associated with [the] alleged activities, including compensation for all damages and injuries, pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish" and $1 million in punitive damages. Compl., Doc. No. 1-4, at 78. He also indicated in the civil cover sheet for the Philadelphia Court of Common Pleas that the amount in controversy exceeded $50,000. On February 11, 2022, LabCorp Holdings and LabCorp removed to this Court, pursuant to 28 U.S.C. § 1441 *et seq.*, invoking diversity as the basis of federal jurisdiction. At that time, additional defendants had not yet been named. A week later, LabCorp Holdings and LabCorp filed motions to dismiss. Mr. Kovalev then moved to remand, Pl.'s Mot. to Remand, Doc. No. 13, which LabCorp Holdings and LabCorp opposed. Defs.' Response in Opp. to Mot. to Remand, Doc. No. 15. Mr. Kovalev argues that remand is warranted because (1) LabCorp Holdings and LabCorp failed to prove that the amount in controversy exceeds $75,000, (2) LabCorp Holdings and LabCorp failed to establish diversity of jurisdiction, (3) the corporate defendants failed to establish federal question jurisdiction, and (4) the corporate defendants failed to sign their own notice of removal. Each of these arguments is without merit.

## DISCUSSION

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Such original jurisdiction exists where the amount in controversy exceeds $75,000 and diversity of citizenship exists among parties. 28 U.S.C. § 1332. A case may be remanded to state court pursuant to 28 U.S.C. § 1447(c) when the district court lacks subject matter jurisdiction or there is a defect in the removal procedure. *Boggs v. Harris*, 226 F. Supp. 3d 475, 481 (W.D. Pa. 2016). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all

stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

**I.     The Amount in Controversy Exceeds the Jurisdictional Threshold**

Mr. Kovalev first argues that LabCorp and LabCorp Holdings have failed to prove that the amount in controversy in this matter exceeds $75,000. Courts first look to the complaint in removal cases to ascertain the amount in controversy. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Mr. Kovalev asserts that the complaint that he filed in state court only sets forth an open-ended claim for damages exceeding $50,000. Where the relevant state does not permit a demand for a specific sum, and the plaintiff challenges the defendant's posited amount in controversy, both sides must submit proof and "the Court must find that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence to retain the case." *Dorley v. Save-A-Lot*, 16-cv-04510, 2016 WL 6213074, at *2 (E.D. Pa., Oct. 25, 2016) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S 81, 88 (2014)); 28 U.S.C. § 1446(c)(2). Section 1446(c)(2) applies here because Pennsylvania law does not permit a demand for a specific sum. Pa. R. Civ. P. 1021(b). While Mr. Kovalev alleges that his complaint only indicated that the amount in controversy in the entire case exceeds $50,000, he submits no evidence indicating the amount in controversy falls below the relevant $75,000 threshold.

Although Mr. Kovalev argues otherwise without citing to authority, claims for punitive damages are rightly considered for purposes of determining the amount in controversy, so long as such claims are not "patently frivolous and without foundation." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008). "Claims for punitive damages are patently frivolous and without foundation when, for example, they are not permitted under state substantive law." *Id.* (internal quotations omitted). Here, Mr. Kovalev seeks relief of $1 million in punitive damages. Punitive damages, as

removing defendants note, are indeed available as a matter of law for most of the 17 counts Mr. Kovalev asserts in his complaint. *See, e.g., Miller v. TJX Companies, Inc.*, No. 19-cv-252, 2019 WL 1168120, at *3 (E.D. Pa. Mar. 12, 2019) (finding that plaintiff alleging assault may be entitled to punitive damages); *Boyer v. Clearfield Cnty. Indus. Dev. Auth.*, No. 3:19-cv-152, 2021 WL 2402005, at *8–9 (W.D. Pa. June 11, 2021) (concluding that punitive damages are available in a civil conspiracy claim); 42 Pa. C.S. § 8309(a) (permitting a plaintiff to seek recovery for punitive damages if he or she has incurred an injury relating to ethnic intimidation); *Se. Pa. Transp. Auth. v. City of Phila.*, 122 A.3d 1163, 1171 (Pa. Commw. Ct. 2015) ("The [Philadelphia Fair Practices Ordinance] authorizes the Philadelphia Commission to award . . . punitive damages."); 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent."); *Perez v. Cucci*, 725 F. Supp. 209, 257 (D. N.J. 1989) (holding that punitive damages are available pursuant to § 1985(3)); *Samuel-Bassett*, 357 F.3d at 401–02 (noting that the Pennsylvania Unfair Trade Practices and Consumer Protection Law grants discretionary authority to impose treble damages); *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 358 (3d Cir. 2015) ("The Pennsylvania Supreme Court has held that punitive damages may be awarded in negligence cases if the plaintiff proves greater culpability than ordinary negligence at trial."); *Cerreta v. Red Roof Inns, Inc.*, No. 4:16-cv-0706, 2016 WL 4611689, at *3 (M.D. Pa. Sept. 6, 2016) (denying motion to dismiss punitive damages for claims including negligent infliction of emotional distress because "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured"); *Rogers v. Pocono Mountain E. High Sch.*, No. 3:21-cv-02072, 2022 WL 3142352, at *12 (M.D. Pa. Aug. 5, 2022) (declining to dismiss plaintiff's punitive damages request for claim

of intentional infliction of emotional distress); *Karp v. Jenkins*, No. 4:18-cv-02282, 2022 WL 1086406, at *2 (M.D. Pa. Apr. 11, 2022) (awarding plaintiffs punitive damages for their reckless endangerment claim). *But see Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998) (holding that punitive damages are not available under the Pennsylvania Human Relations Act); *Savage v. Denny's Inc.*, No. 97-cv-882, 1997 WL 169377, at *1 (E.D. Pa. Apr. 4, 1997) (holding that money damages are not available under 42 U.S.C. § 2000a).

Given the array of claims Mr. Kovalev sets forth in his complaint, his own demand for $1,000,000 in punitive damages, and his assertion on the state court civil cover sheet that damages sought exceed $50,000, the amount-in-controversy here reasonably exceeds the jurisdictional threshold. *See Karlowicz v. American States Ins. Co.*, 3:20-cv-488, 2020 WL 6165303, at *8 (M.D. Pa. Sept. 18, 2020) ("[I]f punitive damages are available under Pennsylvania law for a claim, those combined punitive and compensatory damages exceed $75,000.00, and the claim is not deemed frivolous or without foundation, the complaint satisfies the diversity jurisdictional amount requirement.").

Mr. Kovalev also argues that the removing defendants are manipulating their case by moving to strike his claim for punitive damages in their motions to dismiss. *See* LabCorp Holdings' Br. in Supp. of Mot. to Dismiss, Doc. No. 11-1, at 39–40; LabCorp's Br. in Supp. of Mot. to Dismiss, Doc. No. 12-1, at 43–44. But "federal courts examine [a] plaintiff's damage claims at the time that the action is commenced and the amount in controversy for jurisdictional purposes must be ascertained by the requests in the pleadings without consideration of success on the merits." *McNulty v. Travel Park*, 853 F. Supp. 144, 146 (E.D. Pa. 1994). Because Mr. Kovalev's own complaint seeks damages in excess of $1,000,000, it is inappropriate for the Court

to consider the potential outcome of the pending motions to dismiss while considering this motion to remand.

## II.     The Parties Are Diverse

Mr. Kovalev also challenges whether there is true diversity of citizenship to permit removal. The proper inquiry for determining the citizenship of a corporation such as the defendants here for purposes of § 1332(a) was set forth by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Under *Hertz*, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business—*i.e.*, the "nerve center" "where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Id.* at 80–81. The *Hertz* nerve center test and Supreme Court's "minimum contacts" test to establish personal jurisdiction "are separate and unrelated." *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 451 (E.D. Pa. 2019). Here, the complaint itself states that Mr. Kovalev is a citizen of Pennsylvania and states that both LabCorp and LabCorp Holdings are incorporated in Delaware with principal offices located in North Carolina. Compl. ¶¶ 10, 15, 16. Mr. Kovalev does not discuss *Hertz* in his motion to remand or aver that North Carolina is not truly the defendants' principal place of business, but he argues that removal is improper because the alleged injuries took place in Philadelphia; and Pennsylvania is the removing defendants' "brain center" because they have management located in Philadelphia, have several patient centers in the city, and are licensed to conduct business in Philadelphia. This argument improperly conflates the "minimum contacts" test to establish personal jurisdiction with the relevant *Hertz* inquiry for diversity jurisdiction. LabCorp Holdings and LabCorp have established under the *Hertz* test that they and Mr. Kovalev are citizens of different states for purposes of 28 U.S.C. § 1332, and diversity jurisdiction is therefore proper.

### III.   LabCorp Holdings and LabCorp Did Not Invoke Federal Question Jurisdiction

Third, Mr. Kovalev argues that this case should be remanded because the removing

defendants have failed to establish exclusive federal question jurisdiction. Because LabCorp

Holdings and LabCorp invoked diversity jurisdiction, not federal question jurisdiction, it is

unnecessary to address this argument.

### IV.   The Removal Was Not Procedurally Defective

Finally, Mr. Kovalev posits that removal was defective because the removing defendants

failed to sign their own notice of removal, in alleged violation of the rule of unanimity, and only

LabCorp Holdings' and LabCorp's attorney signed the notice of removal. The rule of unanimity

states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have

been properly joined and served must join in *or* consent to the removal of the action." 28 U.S.C. §

1446(b)(2)(A) (emphasis added). If a party is represented, every pleading, written motion and other

paper must be signed by at least one attorney of record. Fed. R. Civ. P. 11. Putting aside the

question of whether the removing defendants were properly served by Mr. Kovalev, LabCorp and

LabCorp Holdings (who were the only defendants named by Mr. Kovalev in his complaint at the

time of removal) jointly filed a notice of removal, which was signed by their attorney, so removal

is not improper due to an alleged procedural defect.

CONCLUSION

For these reasons, the Court denies Mr. Kovalev's motion to remand. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE